Pinckard vs. McCoy.

No. 5.—JAMES S. PINCKARD, propounder, plaintiff in error, vs. HUGH McCoy and ALEXANDER McCoy, caveators, defendants in error.

A testator said by his will, in effect, that after the payment of his debts, his desire was, that his negroes should be hired out until their hire, together with any surplus of the fund ordered to be applied to the payment of debts, should amount to $1800. That when this sum was thus raised, and was in the hands of his executor, he willed to his executor certain negro slaves, in trust to be conveyed by him to some one of the free States and there left; but if the executor was prevented from executing this provision, then he bequeathed the negroes to the executor in trust, to be delivered by him to the Colonization Society. And he said further, he gave to the executor $200 for his trouble in carrying out the above provisions; and that the surplus, if any of the $1800, was to be divided among the negroes, after their removal. *Held*, that all of these provisions were void.

Caveat, from Monroe Superior Court.    Tried before Judge POWERS, March Term, 1857.

This case came up on appeal from the decision of the Court of Ordinary of Monroe county, admitting to probate and record the following instrument of writing, as the last will and testament of Thomas McCoy, deceased, viz:

GEORGIA,          In the name of God, amen.    I Thomas McCoy of the county and State aforesaid, being of sound and disposing mind and memory, do make, publish, and declare the following, to be my last will and testament, hereby revoking all others at any time heretofore made by me; believing in the resurrection of the dead, and hoping salvation through faith in the Lord Jesus Christ.

*Item* 1st. I wish a decent, christian burial.

*Item* 2d. I will and direct, that all my perishable and personable property, (except my negroes or slaves) be sold, and all debts which may be due me collected as soon as practicable, and the money so collected, and that arising from the sale of the property above named, as well as any money that I may have at my death, appropriated to the payment of my debts, if it shall take so much to pay them.    But if the

money arising from the sale of the property above directed to be sold, and that on hand at my death, and that collected from debts due me, shall not be sufficient to pay my debts, I will and desire that all my negroes be hired out, and the proceeds thereof applied to the payment of my debts, until they are all discharged, and after the payment of my debts in the way above directed, my will and desire is, that all my negroes be hired out until the proceeds arising therefrom, together with any portion or surplus that may remain after the payment of my debts, accruing in any way from my estate, shall amount to the sum of eighteen hundred dollars.

*Item 3d.* When the aforesaid sum of eighteen hundred dollars shall be raised and in the hands of my executor, after the payment of my debts, I will and bequeath to my executor the following negro slaves, and their increase, to-wit: Miles and his wife Mariah, Guilford and his wife Caroline and her two children, to-wit, Charles and Henrietta ; Frank and his wife Mariah, Jude, Eliza, Louisa, Fanny and Hannah, and the increase of each of them, in trust, to be conveyed or caused to be conveyed by him to some one of the free or non-slave-holding States, and there left by him. But in the event that my said executor shall be prevented from any cause whatever from carrying out the wish and intention of this item above expressed, then I will and bequeath the whole of the above named negroes and their increase, in trust to my executor, to be delivered by him to the Colonization Society·

*Item 4th.* I will and bequeath the sum of two hundred dollars to my executor to compensate him for his trouble for carrying out and into effect the third item of this my last will and testament. And I further will and direct that any surplus of the eighteen hundred dollars that may remain after carrying said negroes and their increase to a free State or the Colonization Society, be equally divided and paid to said negroes, share and share alike.

*Item 5th.* I hereby nominate and appoint James S. Pinckard executor of this my last will and testament.

his

THOMAS ⋈ McCOY, [SEAL.]

· mark.

Signed, sealed, published and delivered in presence of us witnesses, who sign at the request of the testator, and in his presence, and in the presence of each other, this May 2d, 1854.

ABSALOM JONES,
BENJAMIN WATKINS,
ZADOCK WILSON.

The propounders proved, in the usual manner by the subscribing witnesses, the execution of the paper propounded, as the last will and testament of Thomas McCoy, deceased, and then offered the same in evidence.

Caveators objected to the admission of said paper as the last will and testament of said McCoy, on the ground that it contravened and was in violation of the statutes of this State against manumission, and was illegal and void. The presiding Judge sustained the objection, and rejected the paper as the last will and testament of deceased.

Counsel for propounders excepted, and tender their bill of exception, and assign error.

TRIPPE & PINCKARD, for plaintiff in error.

SMITH & GIBSON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

This Court is of the opinion, that this case does not differ in principle, from the case on Beall's will, decided by this Court at Savannah, in January 1857. In that case, this Court decided that all of the emancipation parts of the will

were void. It has heard nothing in the argument of the present case, to make it think that, that decision was wrong. This Court, therefore, thinks that all of the emancipation parts of this will are void. Those parts are all of the third and fourth items, and that portion of the second which begins with the words, "And after the payment of my debts in the way above directed, &c." The other parts of the will are, in the opinion of the Court valid

The result is, that the Court thinks that the Court below was partly right and partly wrong; right in rejecting the emancipation parts of the will; wrong in rejecting the other parts.

So far as I am individually concerned, I beg to refer to what I have said in *Adams vs. Bass*, 18 *Ga. Rep.*, 147, and in *Cleland vs. Waters*, 19 *Ga. Rep.*, 35, for the reasons which govern me in this decision.

Judgment Modified.